MALAEA LEPE of Fagatogo, Plaintiff

v.

FIAPAPALAGI of Fagatogo, Defendant

No. 26-1950

High Court of American Samoa

Civil Jurisdiction, Appellate Division

January 29, 1951

A. A. MORROW, *Chief Justice;* and PULETU, *District Judge.*

DECISION

Heard at Fagatogo Thursday, December 21, 1950.
Lutu for Malaea Lepe; Meauta for Fiapapalagi.

MORROW, *Chief Justice.*

This is an appeal by Malaea Lepe from a judgment of District Court No. 1 dismissing her petition for an order to put her in possession of a house located on Lauvale communal family land in Fagatogo and to put Fiapapalagi, the occupant, out of possession. The court in its judgment ordered that $123.00 be paid by Fiapapalagi to Meanoa, the mother of Malaea Lepe. There is no appeal from the order for payment of $123.00 which amount was paid without objection. There is no dispute as to the

651

ownership of the land on which the house is built. It belongs to the Lauvale family of which Fiapapalagi is a member.

Malaea is 20 years old. The house was built before she was born. She testified that it was built by her father and mother, viz., Taumaoe and Meanoa. Obviously she knew nothing whatever about who built the house except through hearsay. The evidence as a whole convinces the court that the house was originally built by Lauvale while he was the holder of the Lauvale title; that his son Taumaoe, the father of Malaea, who was a young man at the time and employed by the Public Works Department as an electrician, did contribute some money to his matai father Lauvale which ultimately went into the house. This was Samoan custom with which the court is very familiar. Lauvale himself was a retired sailor who drew retirement pay. He spent some of his own money in building the house together with the part which his son Taumaoe gave him as his matai in accordance with Samoan custom. The house was built for the Lauvale family. It was Samoan style. Fiapapalagi carried stones for the foundation; also thatch. In accordance with Samoan custom other family members also helped build the house. It was a family Samoan house and not the property of Taumaoe and Meanoa. Lauvale moved into it as did Taumaoe and his wife Meanoa. Fiapapalagi the defendant lived in it also. Malaea was born while her father and mother occupied the house along with Lauvale and other members of the Lauvale family. When Malaea was a small child she was sent by Meanoa, her mother, to Fagaitua to live with aigas who brought her up.

In 1936 Taumaoe died. Meanoa continued to live in the house with other members of the Lauvale family for some time, probably some two or three years, when she married a Manua man and left the Lauvale family. Meanoa is not a

Lauvale family member. She was of course at one time a married woman to the family, as we say in Samoa, but that relationship has ceased long ago. Meanoa has no standing in this case for possession of the house because she is not a member of the Lauvale family. She has no interest whatsoever in the house or the ground on which it stands.

We are convinced from the evidence that Malaea, who is a Lauvale family member but living with her husband in another family, is an unwilling plaintiff being urged by her mother for some reason unknown to the court to try to get Fiapapalagi out of possession of the property. Shortly before the action was begun Malaea signed a document in which she asked that Fiapapalagi be given the Lauvale title. Exhibit A, which is a letter written by Meanoa to her daughter Malaea during the course of the proceedings contains the following statement:

"Malaea I know now that you have no love to your mother as your mother is trying to work for your own good but you do not care. The only thing that is in your heart is your husband and your husband's family. As you know you are not coming until your mother sent for you. I want you to come and have things for your house settled. The house where the case was heard. I can see you have no interest in it. You don't worry about the family of Lepe as I told you Lepe's parents are still living and it is the same thing if your father was living, I would not be worried. As you have seen now Palagi is trying to chase you away. You can talk to Lepe and tell him what I am asking you, Lepe is not a fool. . . . You are just like Palagi. Mother-Meanoa."

By 1937 or 1938 the house had gotten into bad condition and needed renewal. Lauvale, Fiapapalagi and Meanoa, who was still living with the family after her husband's death, each made contributions for the renewal of the house. In 1939 Lauvale died. Fiapapalagi married Maene in 1941 and has continued to live in the house with him and their children ever since. Maena and Fiapapalagi have

built a palagi addition to the house; also a separate palagi kitchen which is used in connection with it.

When asked why the house should be turned over to her by the court, Malaea testified:

"Because Palagi married to a Fita man and they have enough money to build a house for themselves from these many years. I am already married and my husband has no work and no money to build a house and this is the only home we have to live in."

We do not regard this as a good reason for putting Fiapapalagi, her husband and her children out of the house which is the property of the Lauvale family, and of which family they are members. The same situation in which Malaea and her husband claim to find themselves has arisen in Samoa hundreds of times and it can be readily taken care of, if necessary, under Samoan custom. The matai who receives the service takes care of such matters. It is not out of place in this connection to say that Malaea and her husband are already, as a matter of fact, supplied with a place to live. They have a roof over their heads now.

This house with the palagi addition built by Fiapapalagi and her husband and the palagi kitchen used in connection therewith is just about large enough for Fiapapalagi and her family. Fiapapalagi and her husband have spent their own money to keep the house in repair during the last ten years. Section 2 of the Code of American Samoa provides that

"The customs of the Samoans not in conflict with the laws of American Samoa or the laws of the United States concerning American Samoa shall be preserved."

The court judicially knows that when members of a Samoan family are occupying a family house other members of the family can neither put them out nor move in under Samoan custom if the house is no larger than reasonably necessary for the occupants. The court is

654

fortified in its knowledge of this fact by the testimony of three Samoan chiefs called as witnesses all of whom testified that they were familiar with Samoan customs and that Samoan custom did not permit family members to be put out of a family house occupied by them in order that other family members might occupy it; also that other members of the family could not move in with the occupants if the house is no larger than reasonably necessary for the present occupants. Certainly there is no law in American Samoa or of the United States applicable in American Samoa which would require this court to order Fiapapalagi and her family out of the house in order that Malaea and Lepe her husband might occupy it. We think the lower court did complete justice in this case when it ordered Fiapapalagi to pay to Meanoa $123.00 which represents in full any contributions that Meanoa or her aigas may have made for renewing the house or keeping it in repair before 1941. We suspect that $123.00 more than pays for any such contributions; however, since the order for the payment of $123.00 is not appealed from we shall not disturb it. Fiapapalagi did pay the $123.00 to Meanoa who refused to keep it and has deposited it with the Clerk of the Court who will turn the same over to her.

The judgment of the lower court is affirmed.

Costs in the sum of $25.00 are hereby assessed against Malaea, the same to be paid within 30 days.